## GILCHRIST CO. et al. v. KAR–LAC CO. et al.*

Circuit Court of Appeals, Seventh Circuit.
November 8, 1928.

Rehearing Denied December 19, 1928.

No. 3944.

Fred Gerlach, of Chicago, Ill., for appellants.

Hervey S. Knight and George L. Wilkinson, both of Chicago, Ill., for appellees.

Before ALSCHULER and ANDERSON, Circuit Judges, and CARPENTER, District Judge.

ANDERSON, Circuit Judge. Appellants brought suit for the infringement of two patents for electric drink mixers such as are commonly used at soda fountains, relying on thirty-five of fifty-three claims of United States letters patent No. 1,452,197, April 17, 1923, and four claims of No. 1,537,076, May 12, 1925, both to Gilchrist. Finding non-infringement, the court below dismissed the bill.

*Certiorari denied, 49 S. Ct. 252, 73 L. Ed. —.

The common form of drink mixer consists of a column or support upon which is mounted a high-speed electric motor from which depends a stirring rod or agitator, with some means for holding a receptacle or cup about the agitator. The devices for achieving this operative relation between the agitator and cup are various. In one type of machine, the cup is merely placed below the agitator, and the latter, with the motor, then lowered into position by the telescoping of the column. In another, the cup is placed into position and the supporting shelf mounted on the column then swung into position beneath the receptacle. In still others, the cup is placed upon a shelf beneath the agitator, and the shelf, bearing the cup, lifted into and locked in operative position. These respective types are found in United States letters patent Nos. 1,005,653; 1,199,920; 1,318,021; 1,417,927; 1,057,024. The electric motor may be automatically controlled, that is, started and stopped, by the placement and removal of the cup, or it may require independent manipulation by the operator.

The Gilchrist patents are for a structure containing the usual column upon which is mounted the motor with its depending agitator, and within which is built a switch. Attached to this switch and protruding from the column is a lever which is engaged by the receptacle when the latter is in operative position. Operative relation between the agitator and the receptacle is maintained by a small hook which engages the upper periphery of the cup and presses it against a curved plate mounted on the column, and a small channel at the lower end of this curved plate in which rests a flange on the bottom of the cup; both of these engagements and the electrical contact being completed by merely manipulating the cup into the desired position. This simplified operation, which obviates several steps necessary in the earlier mixers, is the new result claimed for the Gilchrist patent.

Claim 41 fairly represents Gilchrist's invention. It reads:

"41. In a machine of the character described, the combination of a support, an electric motor mounted on said support, an agitator mounted to rotate in a position substantially fixed with respect to the motor, means to automatically retain the receptacle in its cooperative relation with the agitator upon manual manipulation of the receptacle itself into such relation, and means to automatically control the operation of the motor

so it will run while the receptacle is held by the retaining means."

The later patent is for an essentially similar device, in which, however, the receptacle is supported by engagement of the inner rim of the cup and the lower edge of a flange encircling the cup at its top. Engagement is completed and the motor started in this model also when the receptable reaches operating position.

The devices manufactured by appellee Kar-Lac Company likewise comprise a column, automatically controlled motor, depending agitator, receptacle, and means for supporting the receptacle in operative relation to the agitator and motor.

The mixing operation follows the same steps as in the Gilchrist device. The receptacle containing the constituents of the drink to be mixed—usually some liquid, powder, and a lump of ice cream—is tilted and carried through an arcuate path beneath the agitator, and then up until the top of the cup is engaged, when the bottom of the cup is swung inward to rest upon a ledge or shoulder affixed to the column; the assembly of the cup and agitator and the starting of the motor being thus accomplished by a single manipulation.

There are, however, these observable differences between the Gilchrist and Kar-Lac devices: The Kar-Lac Company employs, in place of the simple hook and curved plate of the Gilchrist patent, three strips of resilient metal, bent inward, about which the mouth of the cup is lifted and held by contact against lateral displacement while a small stud engages the concave cup bottom. In the other offending model there is, in place of the three fingers to hold the top of the cup, a pressed metal cover with a frusto-conical flange on its lower side which fits into the mouth of the receptacle, serving both to inclose its contents and to maintain the cup in operative position laterally.

Another difference is found in the manner in which the switch is closed by the receptacle. In the Gilchrist device the path followed by the cup is partly fixed by the slanting guide in front of the column, and if the cup is borne against the guide as the cup is carried upward the switch lever will be encountered and the motor started before the assembly is complete. When the cup is being removed, if the same path is followed, the motor will continue to run until the cup has been lowered some distance and has cleared the switch lever. In the Kar-Lac devices the switch control is also responsive to the placement of the receptacle, but is not encountered until the cup is at the end of its vertical course and the bottom has been swung toward the column for engagement; the first manipulation in removing the cup similarly frees the switch.

The defenses urged are invalidity and noninfringement.

■ The validity of the Gilchrist patent No. 1,452,197 was sustained in a well-considered opinion by Judge Geiger in the District Court for the Eastern District of Wisconsin in Gilchrist Co. v. Hamilton-Beach Mfg. Co., delivered March 6, 1925, and reprinted in the record before us. Although there were not before that court several prior art exhibits relied on here to show anticipation, these disclose only that the several elements of the combination are old, a fact usually common to combination patents and irrelevant to the question of their validity. The pertinent prior art is well discussed in the opinion referred to above, and the conclusions of that court as to the novelty and utility—and to that extent validity—of this patent are adopted. As shown there, the Gilchrist combination is new and produces a new and useful result, and is therefore the subject-matter for a valid patent.

■ Invalidity is urged here on the further ground that the Gilchrist patent is an attempt to monopolize an abstraction. This contention must fail. All of the claims are in terms of structure, and the patent embraces only the device by which the new result is made possible, and lays no claim to the result or function of the combination. That some of the elements of the combination are claimed in terms of "means" defined in terms of function is not objectionable in combination claims. Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 422, 28 S. Ct. 748, 52 L. Ed. 1122.

Noninfringement is urged on the ground that the structures and the operative principles of the Gilchrist and Kar-Lac machines can be differentiated. A comparison of the two devices reveals, it is true, the entire absence from the Kar-Lac mixer of any such oblique guide as serves in the patented combination to direct the placing of the cup before its mouth encircles the agitator. This guide is, however, not an essential part of the distinctive combination invented by Gilchrist and embraced by several claims of his patent, although it is, as Judge Geiger says, a valuable adjunct to the combination.

The three metal strips in the Kar-Lac mixer fix the upper limit and the lateral posi-

tion of the cup when assembled with the agitator. This is precisely the function of the vertical curved plate and hook in the Gilchrist device. Both elements accomplish this function by blocking the rim of the cup against further vertical movement and by contacting with the wall of the cup in several places to prevent horizontal movement. While in the offending device this contact is entirely on the inside of the cup, and in the patent partly within and partly without, the identity of function and substantial identity of performance make the Kar-Lac expedient an equivalent of the Gilchrist means; the stud or ledge which Kar-Lac employs to engage the bottom of the cup differing only in form from that in the Gilchrist model. The same must be said for the earlier Kar-Lac model, in which was used the frusto-conical receptacle cover now replaced by the three fingers.

The switch lever by which the patentee's motor is controlled differs somewhat from the button in the Kar-Lac machine both in form and in the respective stage of placement of the cup at which the contact is made; but there remains that functional identity which brings this element also within the doctrine of equivalents.

The other elements common to all mixers are neither functionally nor structurally distinguishable, and the assembled Kar-Lac mixer has no further or different function, and no other manner of performance, than that of Gilchrist. A finding of infringement must follow. It is our conclusion that claim 41 of the fundamental patent, No. 1,452,197, specifically decreed to be valid in the opinion of the District Court for the Eastern District of Wisconsin, to which reference was heretofore made, is valid and infringed by both of the defendants' machines. We find it unnecessary to consider the numerous other claims, some of which are of doubtful validity.

The later patent, No. 1,537,076, discloses as new over No. 1,452,197 only an improved means for supporting the receptacle. This patent is naturally of more limited scope and is confined to the specific improvement which it reveals. Defendants' devices do not respond to the claims as thus limited by the state of the art and the specification.

Reversed and remanded, with direction to proceed in accordance with this opinion. Appellants shall recover their costs, less a deduction of $31 expended for printing 20 pages of the transcript which consist of matters not part of the record.