### RESEARCH AND DEVELOPMENT CORPORATION OF ILLINOIS v. CHASE et al.
### No. 5979.

Circuit Court of Appeals, Seventh Circuit. Feb. 17, 1937.

Rehearing Denied March 25, 1937.

Charles F. Murray, of Chicago, Ill., for appellant.

Casper William Ooms, of Chicago, Ill., for appellees.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

LINDLEY, District Judge.

Appellees prevailed in a suit brought against appellant for infringement of patent No. 1,617,148 issued to Chase, February 8, 1927, for a can opener. The hearing involved claims 1, 2, 3, 4, and 6, of which 2, typical of all, is as follows:

· "In a can opener, the combination of a frame having a top guide and a side guide; a traction wheel arranged to engage the underside of the rim of the can; and a blade pivotally mounted on the frame and so arranged that when the blade is in contact with the metal of the can, the first forward movement of the traction wheel will cause the blade to puncture the can, and as the movement continues 'the blade will shear the metal of the can."

The court found the patent valid and infringed.

Appellant admits novelty in the specific combination described and claimed by Chase, but contends that the claims are invalid because insufficient under the statute, 35 U.S.C.A. § 33, which requires that the invention shall be described "in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it appertains, or with which it is most nearly connected, to make, construct, compound, and use the same." It contends also that it does not infringe and that appellees are estopped to assert a scope of invention broad enough to include appellant's structure.

The device of the patent is an efficient can opener operated by one hand of the operator while the other holds the can. It cuts out the top of the can, leaving an edge that may be turned down smoothly, permitting facile pouring of contents and preventing possibility of injury to the operator.

Chase improved on the crowded prior art by using a pivoted blade so mounted that when the latter is brought into contact with the top of the can and the traction wheel mentioned in the claim is turned, the device travels around the can, cutting as it proceeds. The resistance of the top to the pivoted blade leverage achieves puncture of the can and a continuous cutting of the top, easily and efficiently. Chase utilized leverage, resistance and other physical forces so combined in his structure as to produce his novel result, producing an invention of narrow scope.

■■■ Appellant contends, however, that the claims should be held invalid because they state merely a problem, a mere abstraction. Clear it is that the provisions of the statute above quoted were enacted by Congress in order that any person skilled in the art may construct and use the invention after the expiration of the

patent and also that the public may be informed, during the life of the patent, of the limits of the monopoly asserted, so that it may be known which features may be used or manufactured without license and which may not. Permutit Co. v. Graver Corporation, 284 U.S. 52, 52 S.Ct. 53, 76 L.Ed. 163. If the description be so vague and uncertain that no one can tell, except by independent experiments, how to construct the patented device, the patent is void. Incandescent Lamp Patent Case, 159 U.S. 465, 16 S.Ct. 75, 40 L.Ed. 221. So it is insisted that the language of the claim, "so arranged that when the blade is in contact with the metal of the can, the first forward movement of the traction wheel will cause the blade to puncture the can, and as the movement continues the blade will shear the metal of the can," does not comply with the statute and constitutes a claim functional in character without specific teaching as to the solution of the problem. However, we observe that in his description and specifications, Chase made full disclosure of every step taken by him. He pointed out the relative association of the different elements of the combination, the function to be performed by each, the details of construction, the manner of the application of the device and the process of operation, even to minute details. So, it seems to us, upon reading the claims and description, any person skilled in the art to which they appertain, could make, combine and use the same, as contemplated by law. The language used by this court Gilchrist Co. v. Kar-Lac Co., 29 F.(2d) 153, 154, is in point. There it is said:

"Invalidity is urged here on the further ground that the Gilchrist patent is an attempt to monopolize an abstraction. This contention must fail. All of the claims are in terms of structure, and the patent embraces only the device by which the new result is made possible, and lays no claim to the result or function of the combination. That some of the elements of the combination are claimed in terms of 'means' defined in terms of function is not objectionable in combination claims. Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U.S. 405, 422, 28 S.Ct. 748, 52 L.Ed. 1122."

Appellant insists that the history of Chase's application necessitates so limiting his claims as to cover only a blade as contrasted with appellant's circular disc. With this, we cannot agree. The claims

shown to have been canceled previously were, in our opinion, clearly distinguishable from those finally allowed, the latter having been redrawn to embrace exactly what Chase invented, namely, a simple can opener, with a pivoted blade, with beveled edge, which accomplishes the puncture of the can and is held in operating position by the force generated by the resistance of the can top to the blade when the opener is moved about the can by the traction wheel. His claims cover the specific elements found in appellant's device, the circular cutting disc, the equivalent of his beveled edge blade.

Chase made three previous applications, all abandoned within twenty-one months prior to the filing of the one for the patent in suit, but we find that those applications indicated no construction of his invention narrower than the literal terms of the claims in the patent in suit. They disclosed only that he had discovered that his invention might be produced in various shapes and forms, the best of which he described in his final application, the principle of appellant's form having been shown in his first application. The prior applications were not withdrawn or abandoned until Chase had filed the last application, more clearly, as he thought, disclosing his invention. We find nothing in the file wrapper of this patent or in the abandoned claims that estops appellees from asserting the validity of claims in suit with a scope covering appellant's structures.

We agree with Judge Barnes that no difference in principle exists between the device of appellees' patent and that of appellant, and that there is, unquestionably, infringement. In each, the shearing or cutting member is caused to penetrate the head of the can by power applied at the other end of a lever. It requires more force to operate appellant's opener, because its blade has a circular cutting edge whereas that of appellees' is pointed. More energy is necessary to bring about the puncture. But appellees' opener includes every element of the Chase claims. It reads directly upon them and every element in combination therein operates exactly as it does in the patent. The only differences arise from small alterations in form. Strict equivalence exists in the most literal sense; appellant's device is included within the narrowest possible construction of appellees' claims.

Nor do we find any estoppel because of unclean hands or other facts of this nature. Appellant relies upon language in its sworn answer setting up an affirmative defense of the character mentioned. Under Equity Rule 31, 28 U.S.C. A. following section 723, these allegations are deemed denied. Thus in Arkansas v. Mississippi, 250 U.S. 39, 39 S.Ct. 422, 63 L.Ed. 832, the court said:

"We may say preliminarily that we find no substance in the contention of the respondent that the allegations of the answer must be taken as true for want of replication. Under new equity rule 31 (33 S.Ct. xxvii) in a case of this character no replication is required in order to make the issues."

No evidence was offered by appellant in this respect and it is now without basis to support its asserted conclusions.

Furthermore, during the time when it is claimed the inequitable situation arose, appellees wrote appellant calling its attention to the Chase patent and insisting that it was being infringed by appellant.

The decree is affirmed.