**RAYTHEON MFG. CO. OF NEWTON, MASS., v. COE, Commissioner of Patents.**

**No. 6753.**

United States Court of Appeals for the District of Columbia.

Decided March 11, 1938.

Delos G. Haynes, of St. Louis, Mo., and Paul A. Blair and J. Harold Kilcoyne, both of Washington, D. C., for appellants.

R. F. Whitehead, Sol. of Patent Office, and Wm. Wallace Cochran, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District (now District Court of the United States for the District of Columbia) dismissing a bill in equity filed under the provisions of section 4915, R.S., as amended, 35 U.S.C.A. § 63, by Charles G. Smith and the Raytheon Manufacturing Company, as assignee, for the issuance of a patent containing, in addition to the nine claims allowed by the Patent Office, claims 40 and 41, reading as follows:

"40. A gaseous discharge device comprising a tube containing a cathode, and means for rotating said discharge adjacent said cathode surface to maintain by centrifugal action a high pressure adjacent said cathode surface, whereby a low voltage discharge may be maintained between said cathode surface and said anode.

"41. A unidirectional gaseous discharge device comprising an evacuated envelope containing gas, a cathode having an extended discharge surface producing an electron discharge to said anode during operation, and means for producing a magnetic field in the discharge space between said cathode surface and said anode to impart a gas movement in said envelope for producing a high pressure in the region adjacent said cathode surface, whereby a low voltage discharge may be maintained between said cathode surface and said anode."

On March 5, 1925, Smith filed in the Patent Office an application for an improvement in an electric device. On July 27, 1932, the application, containing nine claims, was allowed. Thereupon, it was permitted to become forfeited under the provisions of section 4885, R.S., as amended, 35 U.S.C.A. § 41, and subsequently, within the time provided by section 4897, R.S., as amended, 35 U.S.C.A. § 38, it was renewed. The renewal application included the two claims (40 and 41) above quoted. The two additional claims were finally rejected by the Principal Examiner, whose decision was affirmed by the Board of Appeals; whereupon the present suit was brought. Testimony was introduced and a hearing had in the court below, with the result already stated.

According to the record, the device of the application relates particularly to an electronic discharge rectifier of the type containing a cathode and an anode operating in an ionizable gaseous medium in an inclosed envelope or tube. Smith found that if the gas pressure or density adjacent the cathode electron-emitting surface was high and the gas pressure or density adjacent the anode surface was low, conditions in the rectifier would be as nearly ideal as possible to secure the maximum operation of the rectifier tube. It is claimed that the application discloses means for producing this differential pressure.

The device discloses a gas-filled tube T (drawing here reproduced) having a cath-

ode C and an anode A. Cathode C, it is claimed, is so arranged that its inside surface emits electrons, the major portion of the emission coming from the side walls of the cathode adjacent. A relatively high pressure or density is maintained. The electrons coming from the cathode pass out through the opening E to the anode A. To maintain a high pressure or density adjacent to the side walls or emitting surfaces of the cathode, Smith conceived the idea of causing the gas within the hollow cathode C to whirl around at a very rapid rate, and thus maintain by centrifugal action the high pressure adjacent the emitting surface. To cause this whirling, a magnet coil M is placed around the cathode C. The lines of force created by the magnet M lie in a direction parallel to the axis of the tube T, each axis lying along two supporting members a and c. The arrangement existing in the tube, it is claimed, causes a force to be exerted on the electrons which tends to whirl them and, consequently, the entire discharge, inside the cathode C, produces centrifugal forces, which cause the gas particles to be thrown to the sides of the cathode and thus build up a high pressure or density adjacent the side walls.

It is contended that the particular arrangement described in the specification constitutes a rectifier in which conditions are particularly adapted for maximum operation of the device.

The Primary Examiner rejected claim 40 as being a functional or single means claim, and also rejected claims 40 and 41 upon references.

On appeal the Board stated that claims 40 and 41 had been rejected on two grounds, namely, on the ground that they failed to differentiate from Rankin, No. 838,273, and also that the claims are functional in form.

The Board further found that an inspection of claim 40 discloses that it includes as definite elements the tube containing a cathode and means for accomplishing certain functions or results, namely, that of rotating the discharge adjacent the cathode to maintain by centrifugal action a high pressure adjacent the cathode surface whereby a low voltage discharge may be maintained between the cathode surface and the anode. The Board further stated that if it be contended that the discharge in Rankin's apparatus would not rotate or whirl as in Smith's device, it must be because of the presence in Smith's device of some of the rather complex detailed structure which is comprised therein. The Board concluded that the second ground of rejection is the main or more important ground, "in that applicant has grouped too much function under one broad term 'means.'" That, as applicant's drawing illustrates, there is not merely one particular means beside the cathode but several, and it does not appear obvious from mere theory how many of these other elements might be necessary to accomplish all of the results stated in the functional portion of the claim.

It is quite apparent, we think, that the Board was not impressed with the pertinency of the Rankin patent as a reference. That patent (issued December 11, 1906) was approximately thirty years old and, in so far as appears, is merely a paper patent. The evidence tends to show that the cathode-ray tube of Rankin is essentially a very low current device, of the order of milliamperes, while the Smith device contemplates higher currents, of the order of amperes. The result being that the current in the Smith device is thousands of times the current in the Rankin device.

In its findings of fact the court below held that none of the prior art cited in the answer to the bill (Fischer, No. 1,328,041; Reisz, No. 1,059,763; Rankin, No. 838,273) discloses "means for rotating said discharge

adjacent said cathode surface to maintain by centrifugal action a high pressure adjacent said cathode surface," as called for by claim 40. The court also found that none of the prior art cited (including of course the Rankin patent) discloses "means for producing a magnetic field in the discharge space between said cathode surface and said anode to impart a gas movement in said envelope for producing a high pressure in the region adjacent said cathode surface", as called for by claim 41. We concur in those findings. But the court also found as a matter of law that appellants are not entitled to the allowance of claims 40 and 41 because, in the court's view, they differentiate from the prior art only by functional statements.

It will be helpful to apply claim 40 to the Smith drawing as follows: "A gaseous discharge device comprising a tube"—such a tube is labeled T in the drawing. "Containing a cathode"—the member C. "Means for rotating said discharge adjacent said cathode surface to maintain by centrifugal action a high pressure adjacent said cathode surface"—referring to magnetic coil M. "Whereby a low voltage discharge may be maintained between said cathode surface and said anode."

Claim 41: "A unidirectional gaseous discharge device comprising"—alluding to a rectifier in which a gaseous discharge (according to the specification) is "restricted to one direction." "An evacuated envelope"—the tube T in the drawing. "Containing gas"—that is the mercury vapor from the drop D. "A cathode having an extended discharge surface producing an electron discharge to said anode during operation"—meaning the cathode C, producing the discharge to the anode A. "And means for producing a magnetic field in the discharge space between said cathode surface and said anode to impart a gas movement in said envelope for producing a high pressure in the region adjacent said cathode surface"—alluding to the electro-magnet M. "Whereby a low voltage discharge may be maintained between said cathode surface and said anode."

That Smith has made a real contribution to the art is, we think, plain. The allowance of nine claims is evidence of that. It is also, we think, plain that we are dealing with elusive and intangible matter. It is not strange, therefore, that the inventor should have found it difficult to draw claims

that would afford him protection commensurate with his contribution to the art. While it is incumbent upon an applicant plainly to state the scope of his invention or discovery in accordance with R.S. § 4888, as amended, 35 U.S.C.A. § 33, requiring that he "shall particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery," Dyer v. Sound Studios of New York, 3 Cir., 85 F.2d 431; Gilchrist Co. v. Kar-Lac Co., 7 Cir., 29 F.2d 153; Buono v. Yankee Maid Dress Corporation, 2 Cir., 77 F.2d 274, it should be kept in mind that claims are interpreted with reference to the specification and drawing. In the present case, we think the applicant has so drawn claims 40 and 41 as to avoid the charge that they are improperly functional.

The decree will be reversed.

Reversed.

MARTIN, Chief Justice, retired prior to the opinion and decision in this case, and took no part therein.

VAN ORSDEL, Associate Justice, died prior to this decision.